■ KEVIN BROWN, an Infant, by His Mother and Natural Guardian, CLAUDETTE ALLEN, et al., Respondents, v VINCENT McINTOSH, Appellant. [696 NYS2d 862] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated November 9, 1998, as, upon denying his motion, *inter alia,* to dismiss the complaint for failure to comply with a prior order of the same court dated July 6, 1998, directing that the plaintiff Claudette Allen appear for intelligence quotient testing, *sua sponte* recalled and vacated so much of the order dated July 6, 1998, as directed the testing.

Ordered that so much of the notice of appeal from the order dated November 9, 1998, as purports to appeal from the *sua sponte* provision of the order is deemed to be an application for leave to appeal, and leave is granted (*see,* CPLR 5701 [a] [2]); and it is further,

Ordered that the order is reversed insofar as appealed from, the provision thereof recalling and vacating so much of the order dated July 6, 1998, as directed the plaintiff Claudette Allen to appear for intelligence quotient testing is vacated and that portion of the order dated July 6, 1998, is reinstated; and it is further,

Ordered that the plaintiffs' time to comply with that portion of the order dated July 6, 1998, is extended until 45 days after

service upon them of a copy of this decision and order, with notice of entry.

The Supreme Court erred by vacating its prior directive that the infant plaintiff's mother, the plaintiff Claudette Allen, appear for intelligence quotient testing. We note that Claudette Allen had, in fact, scheduled an appointment for testing and only a problem with her babysitter prevented her from taking the test. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.